**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MARISOL SOLORIO-QUINTERO,<br><br>　　　　Defendant. | ) Case No: 1:15-CR-00319-LHR-SKO-6<br>)<br>) **MEMORANDUM OPINION AND**<br>) **ORDER GRANTING**<br>) **COMPASSIONATE RELEASE**<br>)<br>)<br>)<br>)<br>)<br>) |

## I.　Introduction

Marisol Solorio-Quintero pleaded guilty to possessing and aiding and abetting the possession of a controlled substance (methamphetamine) with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. The charges arose from her 2015 arrest for her involvement in obtaining a kilogram of crystal ("ice") methamphetamine for distribution. A cell phone seized on her arrest showed pictures of her holding large sums of cash in 2014 and 2015. She was sentenced to the low end of the guideline range, 51 months. With good-time credit, her release date is scheduled for April 16, 2023. She has served 18 months of her 51-month sentence, or 37 percent. Before her 2019 surrender, she spent three years on pretrial release, without incident.

Solorio-Quintero has moved for a time-served sentence through compassionate release under 18 U.S.C. § 3582(c)(1), relying on medical conditions that increase her vulnerability to COVID-19, and on her family's need for her to care for her 3 minor children. (Docket Entry Nos. 210, 224). The government opposes the motion. (Docket Entry No. 218).

For the reasons set out more fully below, the record justifies the relief Solorio-Quintero seeks, and it is granted.

II.     Analysis

    A.     **The Legal Standard**

Courts generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). But a court may reduce a defendant's sentence if "the factors set forth in section 3553(a)" and "extraordinary and compelling reasons" justify a reduction. 18 U.S.C. § 3582(c)(1)(A).

After a defendant has been sentenced to a term of imprisonment, a court "may reduce the term" if, after considering the 18 U.S.C. § 3553(a) factors, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The comments to the United States Sentencing Guidelines § 1B1.13 provide four "extraordinary and compelling reasons" that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) other reasons. U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (2018). A medical condition might be sufficiently serious to warrant release if the condition is either "terminal" or it "substantially diminishes the [defendant's ability] to provide self-care." *Id.* at cmt. n.1(A)).

"In some exceptional cases," compassionate release may be warranted if a defendant "demonstrate[s] an increased risk of serious illness if he or she were to contract COVID." *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021). Courts granting compassionate release have generally done so "for defendants who had already served [most of their] sentences and [had] multiple, severe, health concerns." *Id*. at 434–35. Compassionate release typically does not extend to otherwise healthy defendants or defendants with well-managed health conditions. *Id*. at 435.

2

**B.      Analysis**

The court acknowledges the grave threat of COVID-19. At the facility where Solorio-Quintero is incarcerated, FCI Dublin, as of April 1, 2021, no inmates are testing positive for COVID. In the year since the pandemic began, 262 inmates and 21 staff members have contracted COVID and recovered. *See* BOP COVID-19 Resource Page, https://www.bop.gov/coronavirus (last visited April 1, 2021). The BOP is taking significant steps to try to reduce the threat of further COVID infection in its facilities.

An inmate's medical conditions support compassionate release if those conditions "substantially diminish[] the ability of the defendant to provide self-care." U.S.S.G. § 1B1.13 cmt. n.1(A). An inmate who is at least 65, and who is experiencing a serious deterioration in physical or mental health, and has served the lesser of 10 years or 75 percent of their sentence, may also present a compelling case for release. Solorio-Quintero is 36 years old, below the age of greater vulnerability to COVID, but she has two medical conditions that increase her risks. As of June 2020, shortly after she gave birth, she had a BMI of 35.4, which is within the BMI range that raises vulnerability to COVID. Obesity is a major complicating factor for COVID. Obesity, as well as prior injuries and surgery, have left Solorio-Quintero with chronic back pain, which is not susceptible to effective treatment in her prison setting.

Solorio-Quintero points to additional factors that she argues support finding extraordinary and rare circumstances justifying early release. Solorio-Quintero has three children, two under two years old. She asserts that the children are in the care of her 65-year old mother, who herself has asthma and obesity.

Solorio-Quintero's medical conditions are not as severe as most that justify compassionate early release. She does not identify an illness that is terminal or that makes her unable to care for

herself while incarcerated. But she gave birth while in prison, and she suffers from back pain and a history of back injury and surgery. Although she has work restrictions and a low-bunk restriction, she is not receiving effective pain relief or treatment. The family concerns she identifies, of very young children in need of consistent care, are common concerns for many incarcerated individuals, but they unusually acute in this case. Solorio-Quintero's mother is caring for the three young children, but she is herself obese and asthmatic, and as a result at heightened risk of COVID and complications.

The § 3553(a) factors weigh in favor of compassionate release. It is true that the record shows that Solorio-Quintero was involved in distributing crystal methamphetamine. But she had three years on pretrial release without incident, she has identified a likely source of employment on release, and she has maintained good conduct in prison. The record weighs in favor of finding that Solorio-Quintero is not a danger to the safety of another person or to the community. U.S.S.G. § 1B1.13(2). The § 3353(a) factors add to the reasons for granting relief.

### III. Conclusion

Solorio-Quintero's motion for an order reducing her sentence to time served under 18 USC § 3582(c)(1)(A)(i) and § 603 of the First Step Act of 2018 is granted.

SIGNED on April 1, 2021, at Houston, Texas.

*Lee H. Rosenthal*

Lee H. Rosenthal
Chief United States District Judge

4