IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARISOL SOLORIO-QUINTERO,<br><br>Defendant. | CASE NO. 1:15-CR-00319-LHR-SKO<br><br>ORDER DENYING THE MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING COMPASSIONATE RELEASE UNDER 18 U.S.C § 3582(C)(1)(A) |

The United States has moved for reconsideration of the court's April 2021 order granting Marisol Solorio-Quintero's motion for compassionate release. (Docket Entry Nos. 227, 233). Solorio-Quintero has responded. (Docket Entry No. 235). Based on the motion, the response, and the applicable law, the court denies the motion.

"Although the Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration, the Ninth Circuit has 'approved of the judicial economy' of motions for reconsideration in appropriate circumstances." *United States v. Davis*, No. 2:98-CR-00114-KJM, 2021 WL 1122574, at *1 (E.D. Cal. Mar. 24, 2021) (quoting *United States v. Rabb*, 752 F.2d 1320, 1322 (9th Cir. 1984), *abrogated in part on other grounds by Bourjaily v. United States*, 483 U.S. 171 (1987)). "No precise rule governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *Id.* at *1 (quoting *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th

Cir. 2013)).  The Local Rules require a party seeking reconsideration to identify what "new or different facts or circumstances" or "other grounds" warrant reconsideration.  E.D. Cal. L.R. 430.1(i)(3); *Davis*, 2021 WL 1122574, at *2.  "[M]otions for reconsideration in criminal cases are almost always denied when they rest on arguments or evidence the moving party previously raised or could have raised and denial would not cause manifest injustice."  *Davis*, 2021 WL 1122574, at *2 (citing *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009)).

The United States' reconsideration motion repeats arguments previously made, including that Solorio-Quintero's health and family circumstances do not justify compassionate release, (*Compare* Docket Entry No. 218 at 7–10, 13–15 *with* Docket Entry No. 233 at 3–7), that she failed to exhaust the argument that her mother is unable to care for her children, (*Compare* Docket Entry No. 218 at 4 *with* Docket Entry No. 233 at 6 n.3), and that she is potentially subject to deportation proceedings, (*Compare* Docket Entry No. 218 at 13 n.5 *with* Docket Entry No. 233 at 5 n.5).  It also raises arguments that could, and should, have been raised in response to Solorio-Quintero's motion for compassionate release, including that her mother has been eligible for a COVID vaccine since January 2021.  (Docket Entry No. 233 at 6).

The only new fact presented by the reconsideration motion is that Solorio-Quintero received the first dose of a COVID vaccine.  (Docket Entry No. 233 at 2, 8).  That alone does not justify reconsideration.  Solorio-Quintero has not been completely vaccinated and will not be for several weeks.  She continues to suffer from chronic back pain, which is not being effectively treated in prison.  Her children remain in the care of her mother, who has a limited ability to care for them and is vulnerable to COVID.

The United States' motion for reconsideration, (Docket Entry No. 233), is denied.

SIGNED on April 21, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge